[L. A. No. 2914. Department One.—June 3, 1912.]

# A. T. JERGINS, Appellant, v. SAMUEL SCHENCK et al., Respondents.

PRACTICE—SETTING ASIDE DEFAULT—DISCRETION OF TRIAL COURT—RE-
VIEW ON APPEAL.—An application to be relieved from a default
under section 473 of the Code of Civil Procedure is addressed to the
sound discretion of the trial court, and the action of that court will
not be set aside on appeal unless an abuse of discretion clearly
appears. Any doubt that may exist should be resolved in favor of
the application, to the end of securing a trial upon the merits. The
appellate court will, therefore, be less inclined to reverse an order
granting, than one refusing, an application to open a default.

ID.—INADVERTENCE—IGNORANCE OF FACT THAT DEMURRER HAD BEEN
OVERRULED.—In the present case, the court did not abuse its dis-
cretion in setting aside a default entered upon the defendants' failure
to answer after the overruling of their demurrer to the complaint,
where the moving affidavits show that the defendants at all times
desired and intended to contest the action, and that their attorney
was ignorant of the fact that the demurrer had been overruled, and
that his ignorance in this respect was due partly to his reliance upon
an unobserved custom of the clerk of the court to notify counsel of
orders made on demurrers, and partly to his reliance upon his own
clerk who, by reason of inexperience and a not unpardonable inad-
vertence, had failed to ascertain and to note the true *status* of the
case.

APPEAL from an order of the Superior Court of Los
Angeles County vacating a default and a judgment entered
thereon. W. R. Hervey, Judge.

The facts are stated in the opinion of the court.

Hunsaker & Britt, for Appellant.

Paul W. Schenck, and Frederick Gros, for Respondents.

SLOSS, J.—The plaintiff took judgment by default upon
the failure of the defendants to answer within the time allowed
after the overruling of their demurrer to the second amended
and supplemental complaints. The defendants moved to
vacate the default and judgment on the ground of excusable

neglect, and their motion was granted. From the order granting this relief the plaintiff appeals.

The showing made by the defendants in support of their motion was not contradicted by any evidence on the part of the plaintiff. The only question is whether the facts set forth in the affidavits offered by the defendants were sufficient to authorize the court to find that the failure to answer had been the result of a neglect that was excusable.

The law governing this class of cases is so well settled, and has been so often declared in the decisions of this court, that we may dispense with the citation of authority. An application to be relieved from a default under section 473 of the Code of Civil Procedure is addressed to the sound discretion of the trial court, and the action of that court will not be set aside on appeal unless an abuse of discretion clearly appears. Any doubt that may exist should be resolved in favor of the application, to the end of securing a trial upon the merits. The appellate court will, therefore, be less inclined to reverse an order granting, than one refusing, an application to open a default. Indeed, the cases in which this court has held that such relief was improperly granted are very rare, while in a number of instances an order refusing to open the default has been reversed.

Applying these principles, we entertain no doubt whatever that the court below did not abuse its discretion in granting the application in this case. The affidavits filed justified the conclusions that the defendants at all times desired and intended to contest the suit; that the attorney in charge of the defense had reasons not entirely without basis for believing that the demurrer would not be acted upon as soon as it in fact was; that he was not aware that the demurrer had been overruled until after the default had been entered, and that his ignorance in this respect was due in part to his reliance upon a custom of the clerk of the court to notify counsel of orders overruling or sustaining demurrers (a custom which was not followed in this instance) and in part to reliance upon his own clerk who, by reason of inexperience and a not unpardonable inadvertence, had failed to ascertain and to note the true *status* of the case. It would be useless to enter into a recital of all the details concerning these matters. It is enough to say that the neglect of defendants' representatives was not so

obviously without excuse as to warrant this court in overturning the order permitting an answer and a trial upon the merits.

The order is affirmed.

Shaw, J., and Angellotti, J., concurred.