[Civ. No. 5084. First Appellate District, Division Two.—March
17, 1925.]

## CLEO A. BONFIELD, Respondent, v. HASWELL T. BON-FIELD, Appellant.

[1] JUDGMENTS—MOTION TO SET ASIDE—DEFECTIVE NOTICE—WAIVER.
A notice of motion to set aside a final decree of divorce which
does not state the grounds upon which the moving party seeks
to be relieved from the effect of such decree is defective; but
such objection is one that can be and is waived by the oppos-
ing party in proceeding to the hearing upon the motion without
objection.

---

1.  See 14 Cal. Jur. 1050.

[2] Id.—Statutory Methods of Review—Extrinsic Fraud—Motion. Where the order and judgment for a final decree of divorce is regular upon its face, the proper method of attack is by appeal or by an action in equity to set the same aside for fraud or other sufficient reason; and it may not be set aside on motion of the plaintiff because of extrinsic fraud on the part of her attorney in stipulating to the entry thereof.

(1) 34 C. J., p. 351, n. 36.    (2) 19 C. J., p. 172, n. 2; 34 C. J., p. 319, n. 65, p. 320, n. 73.

APPEAL from an order of the Superior Court of the City and County of San Francisco setting aside a final decree of divorce. Franklin A. Griffin, Judge. Reversed.

The facts are stated in the opinion of the court.

J. L. Smith for Appellant.

Harold Ide Cruzan for Respondent.

LANGDON, P. J.—This is an appeal by the defendant from an order of the superior court in and for the city and county of San Francisco setting aside a final decree of divorce in favor of plaintiff.

The action was commenced on April 28, 1921, by the filing of a complaint charging extreme cruelty. After trial plaintiff secured an interlocutory decree of divorce on May 3, 1921. On February 23, 1923, defendant made a motion for the entry of the final decree. Plaintiff appeared and objected to the granting of the motion upon the ground that since the entry of the interlocutory decree the parties had lived together as husband and wife. As a result, the motion for a final decree of divorce was denied. Later, the parties entered into a stipulation, waiving all legal objections to the entry of the final decree and requesting the court to enter the same, and the defendant agreed to pay to plaintiff the sum of six hundred dollars, in monthly installments

2. Vacating judgment on motion when not specifically authorized by statute, note, 60 Am. St. Rep. 633.

Vacating judgment for fraud, note, 14 Am. Dec. 636.

Power of court to vacate divorce decree for fraud, note, 18 Ann. Cas. 1002.

of fifty dollars. This stipulation was signed by the attorney then acting for plaintiff and the attorney for defendant. It was filed in court on May 11, 1923, and thereupon the order was made granting the motion of defendant for the final decree. On June 12, 1923, the plaintiff served a notice of motion to set aside the final decree of divorce. This motion was supported by the affidavit of plaintiff. It recites the entry of the final decree on May 12, 1923, and states that on or about the eleventh day of May, 1923, the defendant, through the attorney for the plaintiff, signed a certain stipulation, wherein it was stated in substance that the final decree might be entered altering and modifying the terms of the interlocutory decree heretofore granted on the third day of May, 1921; that the stipulation purports to be entered into by the attorney for plaintiff and the attorney for defendant; that said stipulation was signed on behalf of the plaintiff by her attorney, without her knowledge or consent, and that the terms set forth in said stipulation for final decree were without her knowledge and consent and that it was made wholly and solely at the request of the defendant and without any knowledge on the part of his attorney, and was solely made and agreed to by and between plaintiff's attorney and the defendant; that the attorney for plaintiff repeatedly importuned her to agree to the granting of the final decree in accordance with the terms set forth in said stipulation; that in order to compel the plaintiff to sign a stipulation granting the final decree, her attorney informed her that the defendant was making every effort to have her sent to the insane asylum and advised her rather than go through that it would be better for her to sign said stipulation; that she, thereupon, refused so to do, and that afterwards, without her knowledge and consent, her said attorney signed said stipulation as her attorney without any authority so to do. The foregoing statements are contradicted in counter-affidavits, but as the trial court has resolved the conflict in plaintiff's favor, we shall have to accept the statements in her affidavit as established facts.

Appellant contends (1) that the trial court was without jurisdiction to revoke the final decree; (2) that the control and management of the action was in plaintiff's attorney, and plaintiff is bound by his stipulations and actions taken

therein, and may not repudiate his actions during the time he was her attorney of record; (3) that neither the notice of motion nor the record shows upon what grounds respondent seeks to be relieved from the effect of the final decree, and, therefore, the trial court was without power to grant the motion. (Sec. 1010, Code Civ. Proc.) [1] The latter objection to the notice of motion was undoubtedly a good one, but it was one that could be and was waived by defendant in proceeding to the hearing upon the motion without objection. (*Mallory* v. *See*, 129 Cal. 356 [61 Pac. 1123]; *Barron* v. *Deleval*, 58 Cal. 95.)

[2] As to the jurisdiction of the court to make the order appealed from, it appears that the order and judgment for the final decree was regular upon its face, and that the proper method of attack was by appeal or by an action in equity to set the same aside for fraud or other sufficient reason. It was said in *United Railroads* v. *Superior Court*, 170 Cal. 755 [Ann. Cas. 1916E, 199, 151 Pac. 129]: "Nothing is more firmly settled in this state than the doctrine that the superior court may not revoke, modify or otherwise disturb its judgments and orders regularly made in pursuance of plain statutory provision where the statute prescribes the method by which such judgments and orders may be reviewed except as authorized by statute."

In *Holtum* v. *Greif*, 144 Cal. 521 [78 Pac. 11], it was said: "The decisions of this court are numerous and uniform to the effect that a judgment or order once regularly entered can be reviewed and set aside only in the modes prescribed by statute. If they have been entered prematurely, or by inadvertence, they may be set aside on a proper showing (citing cases) and if the order as entered is not the order as made, the minutes may be corrected so as to make them speak the truth (citing cases), but subject to these exceptions the order is reviewable only on appeal, and the decision of the trial court having been once made after regular submission of the motion its power is exhausted—it is *functus officio* (citing cases)."

"It cannot be doubted that a judgment can be nullified by the court which rendered it only, first, on motion for a new trial; second, by a motion under the provisions of section 473 of the Code of Civil Procedure, where the judgment is inadvertently made and where application is made

to set it aside within six months; third, by motion therefor at any time where the judgment is void on its face; fourth, by an independent suit in equity where the judgment is regular on its face but extrinsically void for want of jurisdiction, or by reason of fraud or mistake." (*Benning* v. *Superior Court,* 34 Cal. App. 296 [167 Pac. 291].)

The present appeal presents a case where a judgment is regular upon its face and plaintiff is claiming extrinsic fraud on the part of her attorney as a reason for setting it aside. She does not set up facts entitling her to relief under the provisions of section 473 of the Code of Civil Procedure. If she is not bound by the action of her attorney under the cases of *Holmes* v. *Rodgers,* 13 Cal. 191, *Clemens* v. *Gregg,* 34 Cal. App. 245 [167 Pac. 294], *Crescent Canal Co.* v. *Montgomery,* 124 Cal. 134 [56 Pac. 797], then, in any event, the judgment is binding upon her until set aside in a proper proceeding, and it appears that the one adopted in this case was not the proper proceeding.

The order appealed from is reversed.

Sturtevant, J., and Nourse, J, concurred.