[L. A. No. 9267. Department One.—March 1, 1928.]

ALEXANDER HECQ, Respondent, v. W. S. CONNER et al., Appellants.

H. W. Kidd, W. O. Schell and Gerald F. H. Delamer for Appellants.

Eugene I. Fisher for Respondent.

CURTIS, J.—This appeal is from an order made after judgment, namely, an order setting aside and vacating a judgment of dismissal previously rendered in this action. It is first contended by appellants that the notice of motion to vacate and set aside said judgment failed to set forth or state the grounds upon which said motion would be made and, therefore, the order made granting said motion was erroneous and should be reversed by this court. The bill of exceptions upon which this appeal has been brought before this court and which was, of course, prepared by the appellants fails to show that appellants made any

objection to said notice of motion in the court below. On the other hand, it shows that in response to said notice the appellants appeared in said court at the time and place specified ·therein, filed a counter-affidavit to the affidavit of respondent attached to his said notice of motion, and upon which this motion was based, and otherwise contested the granting of said motion. The first objection, therefore, as shown by the record herein, which appellants have made to said notice of motion is made by them in this court. Section 1010 of the Code of Civil Procedure, requiring a notice of motion to state "the grounds upon which it will be made," is for the benefit of the party upon whom the notice is served. Being for his benefit he can, of course, waive its requirement. By failing to object to the hearing of the motion at the time it was noticed to be heard, the appellants impliedly waived this defect in the notice itself. (*Barron* v. *Deleval*, 58 Cal. 95; *Mallory* v. *See*, 129 Cal. 356 [61 Pac. 1123]; *Bonfield* v. *Bonfield*, 71 Cal. App. 705 [236 Pac. 162].) ▆▆ The notice of motion, as stated, had attached to it an affidavit of the respondent, which affidavit set forth certain alleged facts in support of the motion and upon which the motion would be based. This affidavit was, in our opinion, sufficient to apprise appellants of the grounds upon which respondent's proposed motion would be made. This being the case, the notice was sufficient. (*Fink & Schindler Co.* v. *Gavros*, 72 Cal. App. 688 [237 Pac. 1083]; *Reher* v. *Reed*, 166 Cal. 525 [Ann. Cas. 1915C, 737, 137 Pac. 263]; *Savage* v. *Smith*, 170 Cal. 472 [150 Pac. 353].)

▆▆ At the time the above-mentioned motion came on for hearing the court, after considering the affidavits of the respective parties in support and in opposition thereto, ordered the matter submitted. Thereafter, and before the court had ruled upon the motion, the respondent made a second motion in said proceeding. This second motion was for leave to file an additional affidavit in support of his original motion. This second motion was granted, and the court thereafter considered said additional affidavit of respondent in passing upon the merits of the original motion. This action on the part of the trial court is now assigned as error. If we correctly understand appellants' objection

in this regard, it is that as the notice of the original motion stated that it would be made upon certain papers and affidavits then on file in said court, and as the additional affidavit, which the court permitted the respondent to file as a result of his second motion, was not on file at the time the first notice of motion was served and was not referred to in said notice of motion, it could not be considered by the court in passing upon the original motion. The only authority which appellants cite in reference to this contention is the case of *Broderick* v. *Cochran*, 18 Cal. App. 202 [122 Pac. 972], which they concede to be opposed to them. The contention is without merit, and we are satisfied that no authority can be found to support it.

The order appealed from was granted by the trial court after a hearing, as we have already seen, at which there were presented and considered by the court affidavits by respondent in support of his motion and counter-affidavits on behalf of appellants contesting said motion. Briefly, these affidavits show that this action was instituted by the respondent against the appellants to recover damages for injuries sustained by respondent by being struck and run over by an automobile then being driven by the appellant Conner. The respondent employed an attorney living at Long Beach to prosecute the action, and this attorney in turn retained two other attorneys residing at Santa Ana, the county seat of Orange County, where the action was pending, to assist in the conduct of said action. The action was set for trial for December 17, 1925. Through some misunderstanding between the attorneys for the respondent none of them appeared in court at the time said action was called for trial, and the court, upon motion of appellants, dismissed the action. It also appears from said affidavits that there had been some discussion between respondent's attorneys, of which appellants' attorneys had been apprised, about dismissing this action and commencing another action of the same nature, for the reason that respondent's attorneys had failed to demand a jury at the time the action had been set for trial. Appellants' counsel refused to stipulate that the case might be tried by a jury, and for this reason, and because respondent desired a jury trial, his attorneys had considered the advisability of dismissing this

action and instituting a second action in its place. In furtherance of this plan respondent filed a second complaint based substantially upon the same facts as were alleged in the complaint in this action, but with this difference that the appellant Conner was made the sole defendant in said second action. The date of the commencement of this action does not appear from any of the affidavits used on the hearing of the said motion to vacate the judgment of dismissal, but it had been commenced and was pending at the time said motion was heard. In one of said affidavits used at said hearing on behalf of respondent, in which respondent's counsel was the affiant, the following allegations were made: ''That in conversation had by your affiant with Gerald F. H. Delamer, one of the attorneys for defendant as aforesaid, it was understood and agreed that no steps of any kind be taken with reference to said case when the same came up for trial on the 17th day of December, 1925; that the same lie dormant or be continued or go off calendar to be reset or dismissed, as your affiant should finally decide, the decision to depend upon what demurrers would be interposed to the new complaint and whether issue on the merits would finally he joined therein; that said conversations were had on the 9th day of December, 1925, and again on the 12th day of December, 1925, and again on the 14th day of December, 1925; that in all of the said conversations, your affiant expressed an intention to dismiss the above-entitled case, but made it clear that the actual dismissal would have to depend upon two conditions: First, upon issue being joined in the new case, and second, upon the filing of a written dismissal duly signed by your affiant, and that in no event would any steps be taken on the 17th day of December, 1925, to have the above-entitled case dismissed at the request of the said Delamer, and in the absence of your affiant; that in all of said conversations, the said Delamer expressed a willingness to grant a reasonable continuance, as requested by your affiant, for the trial of said case, even though his client refused to stipulate that a jury trial might be granted; that your affiant fully believed that said Delamer understood the position of your affiant and acquiesced in it.''

It would appear from these allegations, if they were believed by the trial court, and in support of its order vacating the judgment of dismissal we must assume that the court believed them to be true, that there was an understanding between counsel for the respective parties in this action, that no steps would be taken by the attorneys for the appellants on December 17, 1925, to dismiss said action, but that the same might lie dormant or be continued or go off the calendar to be reset, or dismissed as the attorney for respondent might decide, the decision to depend upon what demurrers would be interposed to the new complaint, and whether issue on the merits would be finally joined in said second action. The granting of the motion to vacate the judgment of dismissal for the reason set forth in the portions of the affidavit above quoted cannot be held to have been an abuse of discretion on the part of the trial court. The trial court may well have concluded that the order of dismissal of said action had been made in the absence of respondent's attorneys and after an understanding between the attorneys representing all the parties to said action that the trial thereof might be continued to await the result of the second action. It is only in extreme cases that an appellate court will interfere with the action of a trial court in refusing or granting an order of this character. "The law governing this class of cases is so well settled, and has been so often declared in the decisions of this court, that we may dispense with the citation of authorities. An application to be relieved from a default under section 473 of the Code of Civil Procedure is addressed to the sound discretion of the trial court, and the action of that court will not be set aside on appeal unless an abuse of discretion clearly appears. Any doubt that may exist should be resolved in favor of the application to the end of securing a trial upon the merits." (*Jergins* v. *Schenck*, 162 Cal. 747 [124 Pac. 426]; *Savage* v. *Smith*, 170 Cal. 472 [150 Pac. 353].) "The rule is equally applicable whether the motion is granted or refused, although it has been said in some cases that we listen more readily to an appeal from an order refusing to set aside a default than where the motion has been granted. All presumptions will be indulged in favor of the correctness of the court's action, and the burden

in all cases is upon the appellant to make it appear that its discretion was abused in making the order." (*Moore* v. *Thompson*, 138 Cal. 23, 26 [70 Pac. 930, 932].)

The appellants have advanced other reasons why the order appealed from should not be sustained by this court. We have carefully examined and considered all of such reasons, but we fail to find any merit in them. A detailed discussion of appellant's argument in support of them would, in our opinion, serve no useful purpose, and for that reason we will content ourselves with the general statement that the grounds advanced therein are not meritorious.

The order appealed from is affirmed.

Seawell, J., and Preston, J., concurred.