[Civ. No. 15738.   Second Dist., Div. One.   Aug. 22, 1947.]

RUTH K. ARMSTRONG, Appellant, v. LEE R. ARMSTRONG, Respondent.

Finlayson, Bennett & Morrow and Marlan A. Proctor for Appellant.

Clyde C. Shoemaker for Respondent.

DORAN, J.—The appellant herein seeks a review of two orders of the superior court; the first being an order setting aside a default interlocutory judgment of divorce, and the second order denying appellant's motion to vacate the order setting aside such judgment.

The facts involved in this case, likewise of interest in the companion case, *post,* page 322 [183 P.2d 905], wherein the husband appeals from an order for the payment of the wife's attorney fees and costs incident to the present appeal, may be briefly summarized. On June 19, 1945, the appellant wife, Ruth K. Armstrong, filed a complaint for divorce, charging extreme cruelty, seeking custody of two minor children and asking court approval of a property settlement agreement. Respondent was personally served with a copy of the summons and complaint in North Hollywood, California, on July 12, 1945, and on July 26, 1945, the respondent's default was duly entered. On August 14, 1945, the appellant wife was awarded an interlocutory divorce with custody of the minor children. Pursuant to the property settlement which was approved, appellant was awarded as separate property the home of the parties located in Burbank, with furniture and furnishings, an automobile, and a 200-acre ranch near Delano, California. The respondent husband was awarded certain life insurance policies, securities, an automobile and personal effects; and the decree made no other provision for alimony or for support of the minor children.

On January 24, 1946, just previous to expiration of the six-months' period from the date of entry of respondent's default, the respondent husband filed application to vacate the interlocutory divorce, and secured an order shortening the notice of such motion to one day. The application was noticed for hearing on Saturday, January 26, 1946, at 10:30 a. m. and copies of the papers were served on the secretary of appellant's attorney, Marlan A. Proctor, on January 25, 1946, at Burbank, California, about 9:20 a. m. during the absence of Mr. Proctor, who received such papers upon returning to the office sometime between 10 a. m. and noon of that day. Later, on the same day, about 5:05 p. m., a copy of the affidavit of Lee R. Armstrong in support of the motion, was personally

served on Attorney Proctor. Notice of the motion was also personally served on the appellant wife at Earlimart, California, on the same day.

The record fails to disclose that appellant's attorney made any application to the court for a continuance of the hearing although it does appear that Mr. Proctor had requested that respondent's attorney consent to a short continuance, which request was refused by Attorney Shoemaker. At the hearing appellant's attorney announced that he was appearing "especially for the purpose of contesting the jurisdiction of the Court to proceed at this time and I am here for that purpose only." Mr. Proctor then objected to the sufficiency of the service of papers upon his secretary, to the right of the court to shorten the time for hearing the motion, and to the fact that the appellant did not have one full day's time between notice and hearing. Although both were represented by counsel, neither party was personally present at the hearing, nor did the appellant's attorney present any counteraffidavits or evidence.

The application of respondent to vacate the interlocutory judgment of divorce was upon the ground that such judgment was made and entered "through and by reason of the mistake, inadvertence, surprise or excusable neglect of said defendant," under the provisions of section 473 of the Code of Civil Procedure. An affidavit of the respondent, Lee R. Armstrong, in support thereof, stated that as a result of the wife's "attitude of indifference," and apparent desire to break up the home, "and her treatment of him during the years 1942, 1943 and 1944, affiant suffered great mental anguish, misery and grief, . . . became ill and despondent, and hopelessly discouraged, and was beset with worry, grief and mental agony over the domestic situation," which condition "became worse and more aggravated as the domestic situation developed" into the divorce action. The affidavit further alleges that the wife "took an unfair advantage" of the husband's "confused mental state," induced the husband to leave and to "give her what she wanted" by way of the property settlement; that affiant did not consult an attorney when served with the divorce summons, and "suffered his default to be entered without knowing or understanding the nature or effect or the consequence thereof." It is further alleged that affiant was induced to sign the property settlement by reason of the wife's false promises "that if affiant would give her all the

property she desired, and would allow her to obtain a divorce, that she would make a good mother to the children.'' The affidavit then sets forth the details of an alleged adulterous relation with one Earl Francis Cutter. Attached to the affidavit are photostatic copies of certain hotel registrations bearing on the alleged adultery. At the hearing of the motion the trial court took the position that since the time had been shortened to one day and the papers had been duly served on the day before the hearing, the law would not take into account any fractions of a day, and the notice was sufficient. The default was then set aside and the defendant husband given leave to file an answer and cross-complaint, the trial judge saying in this connection: ''After reading the affidavit I am inclined to think that in view of the situation the Court certainly ought to hear a case like this rather than having it be heard summarily in the form of a default.''

Thereafter, on February 7, 1946, the appellant wife served and filed a motion seeking to set aside the order vacating the interlocutory divorce, ''on the ground that appellant was taken by surprise and that neither she nor her counsel had had any opportunity to prepare for or present any defense on the merits to respondent's prior motion.'' Neither appellant nor respondent were present at the hearing and after argument the motion was denied. The present appeal is from both orders.

According to the appellant's brief the basic questions involved are ''Whether the trial court abused its discretion'' in granting respondent's motion to set aside the interlocutory judgment, and in later refusing, on appellant's motion, to vacate such order; and ''Whether the trial court had jurisdiction, in any event, to set aside and vacate the interlocutory divorce judgment.'' The brief concedes that the matter is one of discretion, but alleges that the respondent husband ''made no adequate showing that his default was taken and judgment taken against him through his mistake, inadvertence, surprise or excusable neglect within the meaning of Code Civ. Proc. Section 473, or otherwise.''

■ The rule which must be applied in the present case has been often stated, and is in no manner unsettled. As is said in *Miller* v. *Lee*, 52 Cal.App.2d 10, 15 [125 P.2d 627]: ''In the exercise of discretion by the trial court under the provisions of section 473 of the Code of Civil Procedure, two propositions of law seem to be definitely settled. First, that the power vested in trial courts . . . should be freely and

liberally exercised to the end that cases shall be disposed of according to their substantial merits rather than upon mere technical matters of procedure, and secondly, that . . . the proper decision . . . rests almost entirely in the discretion of the court below, and appellate tribunals will rarely interfere, and never unless it clearly appears that there has been a plain abuse of discretion.'' Again, it is said in *Hecq* v. *Connor*, 203 Cal. 504, 509 [265 P. 180], that ''It is only in extreme cases that an appellate court will interfere with the action of a trial court in refusing or granting an order of this character. . . . 'Any doubt that may exist should be resolved in favor of the application to the end of securing a trial upon the merits.' (*Jergins* v. *Schenck*, 162 Cal. 747 [124 P. 426]; *Savage* v. *Smith*, 170 Cal. 472 [150 P. 353.]).''

A similar pronouncement is found in the case of *Hambrick* v. *Hambrick*, 77 Cal.App.2d 372 [175 P.2d 269], where the facts are not unlike those of the instant situation. There the trial court had set aside a default interlocutory judgment of divorce where the husband was distraught and nervous and did not understand that a default divorce would be entered without further notice. In affirming the order vacating the default the court said: '' 'An appellate court, owing to the remedial character of the statute and the policy of applying it liberally to permit an opportunity to present a substantial defense, listens more readily to an appeal from an order denying relief than to one granting relief. . . .' (14 Cal.Jur. 1076; see also *Waybright* v. *Anderson*, 200 Cal. 374, 377 [253 P. 148] . . . and cases cited; *Brill* v. *Fox*, 211 Cal. 739, 743-4 [297 P. 25]).''

Cases cited by appellant in no way militate against the application of the above rules. It is true that in *Elms* v. *Elms*, 72 Cal.App.2d 508 [164 P.2d 936], the appellate court reversed an order vacating an annulment decree on the ground that there had been an abuse of discretion, but the facts therein are in no way similar to those of the instant case. The record herein discloses no abuse of discretion in the vacation of the default interlocutory judgment, either in respect to the matter itself, notice and conduct of the hearing, jurisdiction, consideration of the supporting affidavit, or otherwise. No prejudicial error has been shown and the various contentions of appellant are untenable.

The briefs of the respective parties discuss at some length the question whether the appearance of the wife's attorney,

Mr. Proctor, at the hearing of the motion to set aside the default, amounted to a special appearance "for the purpose of contesting the jurisdiction of the court to proceed," as announced by Mr. Proctor. It is respondent's contention that because of the attorney's participation in discussion and argument concerning form and substance of affidavits and notice and the service thereof, right of the court to shorten time of notice, etc., and Mr. Proctor's statement that "Now I want to raise this point, too, *so that your Honor might take everything under consideration,*" (italics added) and other statements and conduct at the hearing, the appearance, although denominated "special," was actually a general appearance. However, regardless of the attempted distinction, it is clear that the appellant wife has suffered no prejudice from this or any other matter connected with the hearing, or from the ruling that the default interlocutory divorce be vacated. The same matter, as hereinbefore indicated, was again brought to the trial court's attention by way of the second motion seeking to vacate the first order. At this second hearing, although the wife did not appear in person, the appellant had full opportunity to present, and must be deemed to have presented, all matters which were in any manner pertinent to the issue.

Nor is there any merit in appellant's claim that "The trial court abused its discretion in denying appellant's motion for an order vacating and setting aside the order setting aside the interlocutory divorce judgment." No abuse of discretion is disclosed by the record which reveals a substantial showing justifying the order made. By stipulation of counsel the record at the first hearing was deemed a part of the record at the second hearing; the matter was argued *in extenso,* and the trial court again came to the conclusion "that in equity the matter should be disposed of after a hearing on the merits," rather than by a default judgment.

The order setting aside the interlocutory divorce judgment and the subsequent order refusing to vacate the order setting aside such judgment, are therefore affirmed.

York, P. J., and White, J., concurred.

A petition for a rehearing was denied September 10, 1947, and appellant's petition for a hearing by the Supreme Court was denied October 20, 1947. Traynor, J., and Schauer, J., voted for a hearing.