[Civ. No. 3892. Fourth Dist. Dec. 1, 1949.]

CONSOLIDATED MORTGAGE COMPANY (a Corporation), Appellant, v. E. W. ROBERTS, Respondent.

Henry S. Dottenheim for Appellant.

Bodkin, Breslin & Luddy for Respondent.

MUSSELL, J.—On November 1, 1948, in this action for unlawful detainer, plaintiff obtained a default judgment by publication of summons and on the same date a writ of restitution was served on defendant, pursuant to which all of the stock in trade and fixtures were removed from defendant's place of business at Laguna Beach.

Defendant moved to set aside the judgment under the provisions of section 473 of the Code of Civil Procedure on the grounds that the judgment was taken against him through mistake, inadvertence, surprise and excusable neglect; that the judgment was based upon inadequate publication of the summons and that the order for publication was not sufficiently supported by affidavit. The motion was heard upon affidavits, the pleadings and records in the action and a minute order was entered setting aside the default, granting the motion to strike and allowing the plaintiff 10 days to amend. Plaintiff appeals from the minute order.

Plaintiff and defendant entered into a written agreement whereby the premises involved in this matter were leased to the defendant for a period of three years beginning October 1, 1943, with an option for two additional years at a rental of

$75 per month. The option was exercised, and in the fall of 1947, while defendant was in possession of the premises under the lease, he made inquiry of one J. C. McCormick, who was the secretary and treasurer of the plaintiff corporation, as to whether the lease would be renewed and if so, the amount of the increase, if any, in the rental. After contacting the other officers of the corporation, Mr. McCormick informed the defendant that the corporation would renew the tenancy under the same terms and conditions as contained in the lease then in existence, with an increase in the rental of not more than $25 per month. The defendant then, in anticipation of a renewal of the lease, installed various improvements on the premises at a cost to him of approximately $1,000. Shortly thereafter, Mr. McCormick, with whom defendant had dealt, severed his connection with the company and in the first part of August, 1948, defendant was informed by the successor of Mr. McCormick that the tenancy would not be renewed and that the premises had been leased to other persons. The defendant then consulted his attorneys, who wrote to the attorney for the plaintiff corporation informing him of the agreement made with Mr. McCormick and the defendant's reliance thereon. A cashier's check in the sum of $75 was enclosed in the letter to be applied on account of the rental of said premises. Plaintiff's attorney denied the existence of any agreement between defendant and McCormick and on September 29, 1948, advised the attorneys for the defendant that prompt action would be taken to institute an unlawful detainer action in the event the defendant did not vacate the premises by September 30, 1948.

The complaint for unlawful detainer was filed October 2, 1948, and at the request of plaintiff was ordered published "at least twice for one week" and was then published in the Orange County Reporter on October 19th and 20th, 1948. No personal service of the summons was made upon the defendant. His default was entered on November 1, 1948, and on said date judgment was entered in favor of the plaintiff for possession of the premises and termination of the lease. On the same date a writ of restitution was served and the sheriff removed the defendant's merchandise and fixtures.

Prior to the removal of the merchandise and fixtures, the defendant communicated with his attorneys and an unsuccessful attempt was made by them to set aside the default by

agreement. The defendant then filed a motion to set aside the default, which motion was supported by affidavits. The affidavit of defendant set forth in substance that immediately upon being informed of the attitude of the plaintiff corporation with respect to a renewal of the lease in August, 1948, he consulted his attorneys and the correspondence referred to was had by them with the attorney for plaintiff corporation. That on September 20, 1948, defendant left the city of Los Angeles on a business trip to New York and returned to Los Angeles on October 22, 1948, went to his ranch near El Centro and en route stopped at the store in Laguna Beach and nothing was said to him relative to any attempted service of process; that he returned to Los Angeles on October 25, 1948, at which time he received a registered letter addressed to him at his Los Angeles residence address; that on October 27, 1948, he delivered the letter containing a copy of the summons and complaint in the present action to his attorneys; that he did not conceal himself for the purpose of avoiding service of the summons or for any other reason and did not leave the State of California for any other purpose than to make a necessary business trip.

It appears from the affidavit of Hazel LePage, who was an employee of the defendant in charge of his business at the premises in Laguna Beach during the month of October, 1948, that no person made inquiry at the store and informed affiant of a desire to locate the defendant for the purpose of serving papers upon him; that the defendant was usually in said store only on an average of once each month or six weeks and that during the early part of the summer of 1948 she had informed an officer of plaintiff corporation of the address and telephone number of Mr. Roberts in Los Angeles.

In the affidavit of Charles S. Gass, one of the attorneys for the defendant, it is stated in substance that the attorney for the plaintiff corporation knew or should have known from the correspondence had relative to an extension of the lease that the defendant was represented by counsel; that on or about September 20, 1948, the defendant advised affiant of the business trip which he was about to take; that no request was made that defendant's attorneys accept service of the summons and complaint for him; that on or about October 28, 1948, defendant delivered the envelope containing the summons and complaint to him and affiant believed that the letter, which was registered, was sent to the defendant so that personal service could be had upon him at his residence; that an unsuccess-

ful attempt was made to secure relief from the default judgment which affiant ascertained had been issued on November 1, 1948; that the defendant, in affiant's opinion, has a good and meritorious defense to the action.

Minnie Harrison, in an affidavit filed in support of the motion, stated that she resided in defendant's home in Los Angeles and that no inquiry was made there as to the whereabouts of the defendant; that the telephone at said residence was listed under the name of the defendant and that no persons telephoned or inquired as to the whereabouts of the defendant during his absence from the city.

Ruth Tupy, an employee of Roberts Manufacturing Company, located at 236-238 West Fifteenth Street, Los Angeles, stated in her affidavit that the defendant was the owner of the company; that one of affiant's duties as employee was to meet people coming into the office of the company; that she was instructed by the defendant before he left on his business trip to telephone his attorneys in the event that any effort was made to serve legal papers; that any person inquiring as to the whereabouts of Mr. Roberts was told that he was on a trip east and would return on or about October 22, 1948.

The application for relief herein, having been made under the provisions of section 473 of the Code of Civil Procedure, was addressed to the sound discretion of the trial court, and its ruling will not be interfered with by an appellate tribunal in the absence of a clear showing of abuse of such discretion. (*McNeil* v. *Blumenthal,* 11 Cal.2d 566, 567 [81 P.2d 566].) As was said in *Armstrong* v. *Armstrong,* 81 Cal.App.2d 316, 319 [183 P.2d 901], " 'In the exercise of discretion by the trial court under the provisions of section 473 of the Code of Civil Procedure, two propositions of law seem to be definitely settled. First, that the power vested in trial courts . . . should be freely and liberally exercised to the end that cases shall be disposed of according to their substantial merits rather than upon mere technical matters of procedure, and secondly, that . . . the proper decision . . . rests almost entirely in the discretion of the court below, and appellate tribunals will rarely interfere, and never unless it clearly appears that there has been a plain abuse of discretion.' Again, it is said in *Hecq* v. *Connor,* 203 Cal. 504, 509 [265 P. 180], that 'It is only in extreme cases that an appellate court will interfere with the action of a trial court in refusing or granting an order of this character . . . "Any doubt that

may exist should be resolved in favor of the application to the end of securing a trial upon the merits." (*Jergins* v. *Schenck,* 162 Cal. 747 [124 P. 426] ; *Savage* v. *Smith,* 170 Cal. 472 [150 P. 353].' '' We cannot here say that a clear showing of abuse of discretion is shown by the record. Before leaving on a business trip out of the state, the defendant consulted his attorneys with reference to his lease and knew that they were corresponding with the attorney for the plaintiff relative to a continuation of the tenancy. He instructed his employees at his place of business in Los Angeles to telephone his attorneys in the event an effort was made during his absence to serve legal papers upon him. On his return, he made prompt inquiries at his Laguna place of business as to whether any effort had been made to serve papers upon him, and on October 27, 1948, he delivered the registered letter containing the summons and complaint to his attorneys. Plaintiff's attorney knew that the defendant was being represented by counsel but no request was made for an acceptance of service nor was there any inquiry from that source as to the defendant's whereabouts or whether he expected to vacate the premises. Plaintiff made a few inquiries which resulted in securing a report from an unknown source that the defendant was away from the city but would be back in the latter part of October. The affidavits, containing hearsay statements and conclusions were then executed and filed and an order obtained providing for publication of the summons "at least twice for one week." The affidavit of publication shows that the summons was actually published only two days, October 19th and October 20th, 1948. It is quite evident that both the defendant and his attorneys expected a personal service of the summons and complaint and did not anticipate that a publication of summons would be had, and if so, that it would be accomplished within such a limited time.

Ordinarily, publication of summons against a defendant residing out of the state or absent therefrom must not be less than two months. However, exception is made in the case of summary proceedings to obtain possession of real property in certain cases and in those cases publication must be for a reasonable length of time. (Code Civ. Proc., § 413.) While the publication for two successive days may be a reasonable time under certain circumstances, a point which we are not here deciding, nevertheless, it was not unreasonable for the defendant and his attorneys to believe that publication of summons would not be had in the instant action under all of

the attending circumstances. The record does not show, as contended by the plaintiff, that the default of the defendant was deliberate nor that the defendant absented himself from the state for the purpose of avoiding process.

 The plaintiff claims that the affidavits filed by defendant in support of the motion failed to show that the defendant had a good defense to the action on the merits. The affidavit of the attorney for the defendant contains a statement to the effect that the matter set forth in his affidavit was discussed with the defendant and with Mr. McCormick, the former secretary and treasurer of the plaintiff corporation and that affiant had advised defendant that he had, in affiant's opinion, a good and meritorious defense to the alleged cause of action set forth in the complaint.

The affidavit of the defendant contains a statement that the defendant fully and fairly stated to his attorney all of the facts of said cause and that he was informed by said attorney that he had a good and meritorious defense to the action.

An equitable defense is pleaded in the answer, and we are of the opinion that a sufficient prima facie showing of merit was made by the affidavits and proposed answer of the defendant. The statement of facts on the showing of merits need only embody ultimate facts. (*Thompson* v. *Sutton*, 50 Cal.App.2d 272, 279 [122 P.2d 975].)

The order vacating and setting aside the default judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 26, 1950. Schauer, J., voted for a hearing.