[Civ. No. 18121. Second Dist., Div. One. Aug. 23, 1951.]

BLAISE B. PROULX et al., Respondents. v. LOUISE CATHERINE DE MOTI, Appellant.

266

Benjamin D. Brown for Appellant.

No appearance for Respondents.

WHITE, P. J.—Plaintiffs commenced this action against defendant for damages for personal injuries allegedly sustained in an automobile accident. The cause was set for trial on January 3, 1949, and was thereafter continued or reset for trial some seven times, finally coming on for trial on April 17, 1950, at 9:15 a.m., in Department 1 of the superior court. Upon this last-mentioned occasion defendant's attorney was present, but plaintiffs' attorney was absent. After the calling of the calendar was completed, defendant's attorney directed

the attention of the court to the fact that this case was not called, and the court stated that the matter had been continued to 1:45 p.m. of the same day. When, about 1:30 p.m., plaintiffs' attorney appeared in court, he noticed that his clients were not present. The attorney then communicated with his secretary, and after inquiry on her part was informed that the clients had returned to their home in Van Nuys, some distance from the court room. Plaintiffs being unprepared to proceed with the trial, the court granted defendant's motion for dismissal.

Subsequently plaintiffs moved the court, pursuant to section 473 of the Code of Civil Procedure, to vacate and set aside the judgment of dismissal upon the ground that such judgment was the result of inadvertence and excusable neglect. From the order granting such motion, defendant Louise Catherine De Moti (the only defendant who appeared in the action) prosecutes this appeal.

Appellant recognizes the well established policy of the law to have legal controversies tried upon their merits, and that unless it can be determined as a matter of law that the trial court abused its discretion in setting aside a judgment such as the one here under consideration, the court on appeal will not reverse the trial court's action. Appellant, however, urges that in the instant case the affidavit of respondents' attorney in support of the motion was insufficient; that the motion was improperly granted because it was not supported by points and authorities as required by the rules of the superior court; and that the plaintiffs' proper remedy was by appeal from the judgment.

The supporting affidavit of plaintiffs' attorney shows that the cause had been continued on two occasions due to substitution of attorneys for defendant and illness of the latter's attorney, and that "the matter was put over a few times more because of the crowded condition of the calendar." Finally, when the cause was set for trial on April 17, 1950, at 9:15 a.m., it is averred that plaintiffs' counsel "was engaged in a criminal jury trial in Division 5 which started Thursday, April 13th and continued until noon of Monday, April 17, 1950; that affiant was occupied in trial on Friday, April 14, 1950, until 5 p.m. on the trial of a jury case and when affiant then tried to call Attorney Brown to advise him of the situation, the latter's office did not respond to the call.

"That before court opened April 17, 1950, affiant went to Department 1 and advised the clerk that he was engaged in

trial in Division 5 and that he requested the matter be called for 1:30 p.m. That affiant further requested that the clerk make the announcement of such fact so that plaintiffs would be so apprised. That the plaintiffs, to affiant's best knowledge and information, were present and evidently misunderstood the situation, and did not return to the court, but proceeded home to Van Nuys.

"That at 1:30 p.m., affiant appeared in Dept. 1 and failed to see his clients, whereupon he telephoned his office. That the secretary phoned plaintiffs and ascertained that they were in Van Nuys. That affiant informed Attorney Brown of the situation, but he insisted upon going on, whereupon the court ordered a dismissal of the complaint. That the injuries of the plaintiffs and the damages sustained were serious in nature and they should be given their day in court in order to try the case upon its merits.''

Defendant's attorney in his counteraffidavit, contradicted plaintiffs' counsel in some respects as to who had requested previous continuances, and with reference to the events on the date of the dismissal stated as follows:

"That on April 17, 1950, the date set for trial of this action, affiant was present in court at 9:15 a.m., the time set therefor, with said defendant. That during the call of the calendar the case was skipped by Presiding Judge Kincaid, and that thereafter affiant called the attention of the court to the fact that the court had overlooked this action and that the court then advised affiant that the case had been put over until 1:45 p.m. of said day; that this was the only information of any sort that affiant had that the matter was not to proceed to trial that morning or that it was to be postponed in any way. That affiant had never received any information from plaintiffs or their attorney at any time advising him of the fact that it would be necessary to postpone the trial. That affiant did not see in the court room of Department 1 or at any place on the 8th floor of the Hall of Records at any time after 9:10 a.m. of said day the plaintiffs, and that plaintiffs, therefore, were not present in the court room during the call of the calendar, and that the clerk did not make any announcement that the matter was to be called at 1:30 p.m. That at 1:45 p.m. said Herbert Dounay made a motion to Department 1 to have the action continued on the grounds that he was unprepared to proceed to trial and indicated to the court that he had never opposed any motion made by affiant to continue the case, and that affiant advised the court

that said Herbert Dounay had on behalf of the plaintiffs opposed such motions in the past, and that the court thereupon stated that it would entertain a motion to dismiss the case, and that thereupon affiant on behalf of defendant so moved the court and a dismissal thereupon ordered.

"That it does not appear in the affidavit of said Herbert Dounay that he knows in any way why the plaintiffs were not present and ready to proceed to trial on April 17, 1950."

Counsel for appellant, as we have seen, concedes that in the absence of a clear showing of abuse of discretion, an appellate court will not disturb the ruling of the trial court in a case of this character. ■ It must be conceded also that the burden of showing such abuse of discretion is on the appellant (*Stub* v. *Harrison*, 35 Cal.App.2d 685, 690 [96 P.2d 979].) ■ No such showing has been made herein. The record as above set forth clearly presents a situation in which, as heretofore pointed out, under well settled and long established rules, exemplified by innumerable decisions, the order appealed from may not be disturbed. The action or inaction of plaintiffs' attorney, criticized by appellant as constituting nonexcusable neglect, must be considered in the light of the entire circumstances shown by the record. Whether the neglect was, in the circumstances, excusable, was a question addressed primarily, and indeed, almost entirely, to the discretion of the court below. Moreover, in the consideration of an application for relief under section 473 of the Code of Civil Procedure, the law favors such action as will result in a trial on the merits. ■ The following quotation from *Consolidated Mortgage Co.* v. *Roberts*, 94 Cal.App.2d 895, 899 [212 P.2d 28], in our view completely disposes of the contentions of appellant:

"The application for relief herein, having been made under the provisions of section 473 of the Code of Civil Procedure, was addressed to the sound discretion of the trial court, and its ruling will not be interfered with by an appellate tribunal in the absence of a clear showing of abuse of such discretion. (*McNeil* v. *Blumenthal*, 11 Cal.2d 566, 567 [81 P.2d 566].) As was said in *Armstrong* v. *Armstrong*, 81 Cal.App.2d 316, 319 [183 P.2d 901], ' "In the exercise of discretion by the trial court under the provisions of section 473 of the Code of Civil Procedure, two propositions of law seem to be definitely settled. *First, that the power vested in trial courts . . . should be freely and liberally exercised to the end that cases shall be disposed of according to their substantial merits rather than*

*upon mere technical matters of procedure, and secondly, that . . . the proper decision . . . rests almost entirely in the discretion of the court below, and appellate tribunals will rarely interfere, and never unless it clearly appears that there has been a plain abuse of discretion.*" Again, it is said in *Hecq* v. *Conner*, 203 Cal. 504, 509 [265 P. 180], that "It is only in extreme cases that an appellate court will interfere with the action of a trial court in refusing or granting an order of this character. . . . 'Any doubt that may exist should be resolved in favor of the application *to the end of securing a trial upon the merits.*' (*Jergins* v. *Schenck*, 162 Cal. 747 [124 P. 426]; *Savage* v. *Smith*, 170 Cal. 472 [150 P. 353].)" ' " (Italics added.) See, also, *Garcia* v. *Garcia*, 105 Cal.App.2d 289, 291 [233 P.2d 23].

 The point that no affidavit of merits was filed on behalf of plaintiff Dorothy Proulx affords no ground of reversal, as the record discloses that a complaint, duly verified, was filed on behalf of both plaintiffs. Nor does the absence of points and authorities in support of the motion for relief, under rule 3(a) of Rules of the Superior Court, warrant a reversal of the order, as the rule merely provides that absence of such points and authorities may be construed by the court that the motion is unmeritorious.

 Finally, it is contended that the proper remedy of the plaintiffs was by appeal from the judgment; that the affidavit of plaintiffs' attorney shows that the facts concerning the absence of plaintiffs were known to him at the time of the dismissal; that "the same were stated at that time"; and therefore the motion to vacate did not present any new issue to the court. The contention may not be sustained. It must be assumed that the trial court concluded upon the record before it that the facts surrounding the misunderstanding of the plaintiffs and their failure to be present were not fully brought out before the court in the Master Calendar Department when the order of dismissal was made. Further, the issues of whether the neglect or misunderstanding was excusable were not presented by affidavit to the judge presiding in the Master Calendar Department. In the circumstances there can be no question but that plaintiffs properly sought relief under the provisions of section 473 of the Code of Civil Procedure.

The order appealed from is affirmed.

Doran, J., and Drapeau, J., concurred.