[Civ. No. 5061.   Fourth Dist.   Sept. 15, 1955.]

HELEN BETZ, Appellant, v. CHARLES J. BETZ, Respondent.

Taylor F. Peterson for Appellant.

No appearance for Respondent.

MUSSELL, J.—This action for divorce was commenced on August 21, 1953, and defendant was personally served with summons, together with a copy of the complaint, on August 29, 1953, in San Bernardino County. Defendant failed to answer the complaint and on August 11, 1954, at the request of plaintiff's attorney, the default of defendant was entered by the clerk. On August 17, 1954, defendant filed a motion to set aside the default upon the ground that it was taken against him through mistake, inadvertence, surprise or excusable neglect. The motion was supported by the affidavit of defendant's attorney and a copy of a verified answer was filed therewith.

It appears from said affidavit that at the time of the filing of the complaint and until on or about August 10, 1954, one Theodore Krumm was attorney for plaintiff; that for several months after the filing of the complaint the parties "negotiated a property settlement"; that Mr. Krumm and affiant agreed that defendant "would and did have an indefinite time in which to answer"; that on or about June 30, 1954, affiant received a letter from Mr. Krumm stating that unless an appearance was made in the action within 10 days thereafter, he would enter the default of the defendant; "that affiant talked with the defendant within said ten days; that said defendant at that time was in the county jail; . . . that defendant suggested a property settlement agreement; that within said ten-day period affiant suggested said property settlement agreement to said Mr. Krumm, who informed affiant that he would discuss the matter with plaintiff.

That affiant thereupon informed Mr. Krumm that the defendant was in the county road camp, and that it was difficult to see him; that it was affiant's understanding from said conversation that no default would be entered against the defendant until plaintiff made up her mind concerning defendant's said proposal, and that Mr. Krumm would notify affiant of said decision and would not enter a default without giving affiant further notice.

That affiant received no further notice from Mr. Krumm until August 11, 1954, when Mr. Krumm informed him that he had no further interest in the action and that Mr. Taylor F. Peterson was acting as attorney for plaintiff. Affiant thereupon called Mr. Peterson, stating to him the facts set forth therein; that affiant was prepared to file defendant's answer on August 16, 1954, when he learned that defendant's default had been entered by Mr. Peterson.

That affiant further states and verily believes that defendant has a good and valid defense to plaintiff's complaint, and can make the same appear if an opportunity is given him to do so; . . . that this application is not made to delay or prolong the cause, but in good faith and for the end of justice.''

The trial court in its order vacating the default found that it was taken against the defendant by reason of his excusable neglect or other cause, and that defendant had a valid defense to the action upon the merits. Plaintiff appeals from the order contending that there was no showing of excusable neglect on the part of defendant's counsel.

The motion for relief from default herein was apparently made under the provisions of section 473 of the Code of Civil Procedure. Such motions are addressed to the sound discretion of the trial court, and in the exercise of that discretion, in the absence of a clear showing of abuse, will not be interfered with by an appellate tribunal. On appeal from an order granting relief under this section, it will be presumed that the trial judge believed the statement of facts as presented by the moving party and if any doubt exists it should be resolved in favor of the application to set aside the order to the end of securing a trial on the merits of the case. (*Raines* v. *Damon,* 89 Cal.App.2d 812, 816 [201 P.2d 886].) In *Armstrong* v. *Armstrong,* 81 Cal.App.2d 316, 319-320 [183 P.2d 901], it is said:

''The rule which must be applied in the present case has been often stated, and is in no manner unsettled. As is said in *Miller* v. *Lee,* 52 Cal.App.2d 10, 15 [125 P.2d 627]: 'In the exercise of discretion by the trial court under the provisions of section 473 of the Code of Civil Procedure, two propositions of law seem to be definitely settled. First, that the power vested in trial courts . . . should be freely and liberally exercised to the end that cases shall be disposed of according to their substantial merits rather than upon mere technical matters of procedure, and secondly, that . . . the proper decision . . . rests almost entirely in the discretion of the court below, and appellate tribunals will rarely interfere, and never unless it clearly appears that there has been a plain abuse of discretion.' Again, it is said in *Hecq* v. *Connor,* 203 Cal. 504, 509 [265 P. 180], that 'It is only in extreme cases that an appellate court will interfere with the action of a trial court in refusing or granting an order of this character . . . ''Any doubt that may exist should be resolved in favor of the application to the end of securing a trial upon

the merits." (*Jergins* v. *Schenck*, 162 Cal. 747 [124 P. 426] ; *Savage* v. *Smith*, 170 Cal. 472 [150 P. 353].)' "

The circumstances shown by the record herein and the facts stated in the affidavit in support of the motion, when considered in the light of the rules announced in the foregoing decisions, compel the conclusion that no clear abuse of discretion was shown.

The order is affirmed.

Griffin, Acting P. J., and Shell, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.