SAETA, J., Dissenting.
The majority opinion states the facts and the law admirably but, in my judgment, arrives at the wrong conclusion. Simply stated, is it an abuse of discretion to deny relief under Code of Civil Procedure section 473 to a litigant who files his statement listing witnesses and evidence on the day of trial rather than 45 days after the case is at issue? Under the facts of this case, my answer to this question is yes.
The applicable law is well stated in 5 Witkin, California Procedure (2d ed. 1971) page 3737 as follows: “(1) Policy Influencing Reversal. Where the lower court denies relief the two basic principles (see supra, §162) may come into conflict; i.e., the tendency to uphold the trial court’s determination is opposed to the tendency to permit a trial on the merits.
“In borderline cases the second principle has the greater weight, and, accordingly, the lower court’s order denying relief is often reversed. The opinions in these cases sometimes note that there is no showing that the opening of the default will seriously prejudice the adverse party, and this seems to be an important consideration. Another justification for the reversal is that minor inconvenience or loss resulting from the delay may be alleviated by the court’s power to impose terms and conditions. (See Mitchell v. Calif. etc. S.S. Co. (1909) 156 C. 576, 579, 105 P. 590; Waite v. Southern Pac. Co. (1923) 192 C. 467, 470, 221 P. 204 [‘any doubts which may exist should be resolved in favor of the application, to the end of securing a trial upon the merits’]; Brill v. Fox (1931) 211 C. 739, 744, 297 P. 25; Riskin v. Towers (1944) 24 C.2d 274, 279, 148 P.2d 611; Karlein v. Karlein (1951) 103 C.A.2d 496, 498, 229 P.2d 831; Brasher v. White (1921) 53 C.A. 545, 557, 200 P. 657; Toon v. Pickwick Stages (1924) 66 C.A. 450, 454, 226 P. 628; Buck v. Buck (1954) 126 C.A.2d 137, 141, 271 P.2d 628, supra, § 137; Bice v. Stevens (1958) 160 C.A.2d 222, 233, 325 P.2d 244; Van Dyke v. MacMillan (1958) 162 C.A.2d 594, 598, 328 P.2d 215, supra, § 143; Beckett Co. v. Bobbit (1960) 180 C.A.2d Supp., 921, 927, 4 C.R. 833 [facts undis *Supp. 20 puted, and excuse of reliance on opposing attorney’s agreement good]; Daley v. Butte (1964) 227 C.A.2d 380, 390, 38 C.R. 693, supra, §147, citing the text.)” For illustrative purposes only, in Waite v. Southern Pacific Co. (1923) 192 Cal. 467 [221 P. 204] defense counsel, although advised that plaintiff would attempt to obtain a default, insisted that the action belonged in federal court and declined to answer in state court. After the federal court had declined to take jurisdiction, defendant moved unsuccessfully to set aside the default judgment. The Supreme Court held that in the absence of prejudice to the plaintiff, the trial court erred in denying relief. The discretion to deny relief has been further described by the Supreme Court in Brill v. Fox (1931) 211 Cal. 739, 743-744 [297 P. 25] as follows: “The legal principles underlying the granting of motions to set aside defaults are comparatively simple, and have been frequently announced by this court. The question is primarily one within the discretion of the trial court, but this discretion is not capricious or arbitrary, but it is an impartial discretion guided and controlled in its exercise by fixed legal principles.
“‘It is not a mental discretion, to be exercised ex gratia, but a legal discretion, to be exercised in conformity with the spirit of the law, and in a manner to subserve and not to impede or defeat the ends of substantial justice.’ (Bailey v. Taaffe, 29 Cal. 422, 424, quoted with approval in Waite v. Southern Pac. Co., 192 Cal. 467, 470 [221 Pac. 204].) It is also well settled that it is the policy of the law to bring about a trial on the merits wherever possible, so that any doubts which may exist should be resolved in favor of the application, to the end of securing a trial upon the merits. (Jergins v. Schenck, 162 Cal. 747, 748 [124 Pac. 426]; Waite v. Southern Pac. Co., supra.) Although it is true that courts of appeal have shown great reluctance in cases of this kind to disturb the order of the trial court, it is equally true that denials of such relief by the trial court are scanned more carefully than cases where the trial court has granted the relief, to the end that wherever possible cases may be heard on their merits.”
The engrossed statement on appeal in our case contains no showing of prejudice to the defendant either from the late filing of the witness statement or from a short continuance. The case was barely one year old and defendant had made her first appearance nine and one-half months earlier. There was no indication that a short delay would be harmful to anyone. Defendant in opposition to plaintiff’s motions suggested an alternative of sanctions should the court grant plaintiff relief.
*Supp. 21 At oral argument, counsel for defendant admitted that a continuance would have obviated any prejudice to her and went so far as to acknowledge that he might have granted plaintiff a continuance if requested the night before trial.
In my view, depriving this plaintiff of his day in court, on the facts shown by this record, was an abuse of discretion.
I would reverse the judgment.