[Civ. No. 2707. First Appellate District, Division Two.—February 19, 1919.]

WILLIAM SOUTH, Respondent, v. T. H. FRENCH et al., Defendants; T. H. FRENCH, Appellant.

[1] PLACE OF TRIAL—DEFENDANT AGAINST WHOM NO CAUSE OF ACTION STATED.—The joinder as party defendant of one against whom no cause of action is stated does not deprive other defendants of the right to have the action tried in the county of their residence.

[2] NEGLIGENCE—ACTION FOR PERSONAL INJURIES—AUTOMOBILE ACCIDENT — PLUNGING DOWN EMBANKMENT — PLEADING—INSUFFICIENT COMPLAINT AGAINST DRIVER.—In an action by the guest of an automobile driver for damages for personal injuries sustained when the automobile plunged over an embankment into the bed of a bridgeless creek, the complaint failed to state a cause of action where the only allegation of negligence was that the defendant "negligently failed to observe that the said road terminated at said creek in such drop or declivity," while it was also alleged that no lights were displayed nor any warnings of any kind given of the fact that the declivity existed, or that the defendant had any independent knowledge, and it was therefore apparent the defendant could not be negligent in failing to observe something it was impossible for him to observe.

APPEAL from an order of the Superior Court of Santa Clara County refusing to change place of trial. P. F. Gosbey, Judge. Reversed.

The facts are stated in the opinion of the court.

George W. Jean, Wyckoff & Gardner, Snook & Church and A. D. Shaw for Appellant.

D. M. Burnett and James P. Sex for Respondent.

LANGDON, P. J.—This is an appeal from an order of the superior court of the county of Santa Clara denying appellant's motion to change the place of trial of this action to San Benito County. The action is one to recover damages for personal injuries sustained by the plaintiff in an accident in which an automobile in which he was riding plunged over a precipice into the bed of San Felipe Creek.

The defendant French, who is the appellant here, is the supervisor of district No. 1 of the county of San Benito, and it appears without contradiction that he is a resident of San Benito County. The defendant John Doe, sued by a fictitious name, is alleged to be the roadmaster of the same district in San Benito County, and it also appears that he is a resident of San Benito County. [1] The only question presented upon this appeal, then, is whether or not a cause of action has been stated against the remaining defendant, J. A. Phippen, for the joinder as party defendant of one against whom no cause of action is stated, does not deprive the other defendants of the right to have the action tried in the county of their residence. (*Donohoe* v. *Wooster et al.,* 163 Cal. 114, [124 Pac. 730] ; *Bartley et al.* v. *Fraser et al.,* 16 Cal. App. 560, [117 Pac. 683].)

In the case of *South* v. *County of San Benito et al., ante,* p. 13, [180 Pac. 354], which arose out of the same accident, this court has decided that a pleading containing substantially the same allegations as the complaint in the present case does not state a cause of action against Phippen. The difference in the allegations in the two cases is not sufficient to warrant a different conclusion in this case. In the present case, the plaintiff alleges that he was riding in the automobile of defendant J. A. Phippen as his guest; that said Phippen was driving at a prudent rate of speed; that the plaintiff was unacquainted with the condition of the road and the danger incident to traveling thereon, and was unacquainted with the presence of the sheer drop or perpendicular declivity of about twenty feet from the surface of the roadbed to the bed of said creek; that as the automobile approached the point where said roadway left said creek and terminated in such perpendicular drop or declivity, *no lights were displayed or other warning given of the danger there present, and no warning lights were displayed or warning of*

*any kind given of the fact that said road was not safe to travel on, or that said road approached said bank of said creek and terminated in such drop or declivity;* that as the said J. A. Phippen was so driving and operating his said automobile, and approaching said point, he negligently failed to observe the fact that said road terminated at said creek in such drop or declivity, and so drove his automobile as to cause the same to approach so close to said drop or declivity as to make it impossible to stop the same before the same went over said drop or declivity and was precipitated to the bottom of said creek; that the plaintiff using ordinary care and being constantly on the alert for possible danger could not, while seated in the rear seat of said automobile, see the condition of said road, or ascertain the fact that the same terminated at said creek.

[2] The only allegation of negligence made against the defendant Phippen is that he "negligently failed to observe the fact that said road terminated at said creek in such drop or declivity." The mere statement that he did this negligently is not sufficient in the face of other allegations which clearly show an absence of negligence on his part. Since it is alleged that no lights were displayed nor any warnings of any kind given of the fact that the declivity existed or that the road was unsafe, or that the said road approached the bank of said creek—and it is not alleged that the defendant Phippen had independent knowledge of these facts—it is apparent that Phippen could not be negligent in failing to observe something which it was impossible for him to observe.

While some cases have held that it is a sufficient allegation of negligence to state that the act complained of was done negligently by the defendant, specifying, however, the particular act alleged to have been negligently done (*Fisher* v. *Western Fuse & Explosives Co.,* 12 Cal. App. 739–747, [108 Pac. 659]), it seems that this is true only where such allegation is not contradicted by other allegations of the complaint. Where it appears from other specific facts alleged that the act alleged to have been done negligently was not done negligently, the complaint is insufficient to charge negligence. (*Citizens' St. Ry. Co.* v. *Abright,* 14 Ind. App. 433, [42 N. E. 239, 1028]; *Louisville etc. Ry. Co.* v. *Bates,* 146 Ind. 564, [45 N. E. 109].) This rule, indeed, would seem to be the only

natural and logical one.   A pleader should not be allowed to negative his own averments and yet ask that they be considered sufficient.

As plaintiff has not stated a cause of action against defendant Phippen, and as the other defendants are residents of San Benito County, the motion to change the place of trial to San Benito County should have been granted.

The order appealed from is reversed, with directions to the court below to grant said motion.

Brittain, J., and Haven, J., concurred.