[L. A. No. 14078. In Bank.—October 20, 1933.]

In the Matter of the Estate of LEWIS EUGENE GRIGSBY, Deceased. STEWART P. MacLENNAN et al., Executors, etc., Respondents, v. ELLA HARD-WICK et al., Appellants.

Salisbury & Robinson and Gerald R. Knudson for Appellants.

William H. Horine, Walter M. Campbell, Jr., and Walter M. Campbell for Respondents.

THOMPSON, J. — In this action the respondents presented to the court for probate the last will and testament of Lewis E. Grigsby, bearing date September 25, 1926, and a codicil executed January 27, 1932. The will was the mutual last will and testament of Lewis Eugene Grigsby and Emma Alvina Grigsby, his wife. Mrs. Grigsby predeceased her husband. The codicil in the first paragraph thereof reaffirmed and republished the last will and testament except in the particulars mentioned, one of which was the nomination of respondents as the executors and "trustees under said will and this codicil". Upon the hearing the respondents presented the usual proof with respect to the execution of the codicil, and that the deceased was of sound and disposing mind, and not acting under duress, menace, fraud or undue influence. The court made its order admitting the will and codicil to probate "as the last will and codicil" of the deceased, on the third day of March, 1932. On the twenty-fifth day of April the court made a *nunc pro tunc* order correcting and amending the order admitting the will and codicil to probate, wherein it was recited that the order theretofore entered by the clerk did not correctly set forth the order of the court, and that said order should be changed and the last will and testament "admitted to probate as the last will and testament of Lewis Eugene Grigsby, deceased, as of the date of the execution of said codicil, to-wit, as of the 27th day of January, 1932, and that said document bearing date September 25, 1926, is admitted to probate herein only by virtue of its ratification, confirmation, incorporation and republication in and by said document dated January 27, 1932, and as forming a part of said last-mentioned document, and not otherwise, and is not admitted to probate as a testamentary instrument independent of said document dated January 27, 1932, and as depending for testamentary effect upon its own due and proper execution". Thereafter the respondents made a motion under section 473 of the Code of Civil Procedure to be relieved of the *nunc pro tunc* order, setting forth that they had inadvertently understood the court to decide, on March 3, 1932, that both instruments

should be admitted to probate, and also stating that had they not so misunderstood the order they would have requested the court to continue the hearing in order that they might produce the testimony of one of the subscribing witnesses to the will, and further setting forth that the rights and interests of the legatees, devisees and beneficiaries might be adversely affected by the failure of the court to admit to probate the will independently of the codicil. The motion was granted. The court heard the testimony with respect to the execution of the will, and on the thirteenth day of May, 1932, made an order admitting the will to probate. This is an appeal by three of the heirs at law from the order vacating the *nunc pro tunc* order as of March 3, 1932, and admitting the will to probate.

Appellants contend that respondents were not parties against whom any judgment or order was taken, within the meaning and intent of section 473 of the Code of Civil Procedure, and that in order for a person to move under that section his rights must be injuriously affected by the order complained of. There is no merit in this contention. In *Estate of Layton,* 217 Cal. 451 [19 Pac. (2d) 793, 797], it was said that the section "authorizes the court to relieve a party from an order or other proceeding in probate by reason of his mistake, inadvertence or excusable neglect". And it has been announced that it is the duty or at least the privilege of the person named as executor to propose the will for probate. (*Estate of Hite,* 155 Cal. 448 [101 Pac. 448].) It being his duty to and he having proposed the will, he was a party against whom the order was taken.

It is also contended that the affidavits for relief under section 473 of the Code of Civil Procedure fail to show prejudice to any person. The affidavits in and of themselves fail to disclose the prejudice which might have been suffered by any of the legatees or devisees named in the will. However, the transcript does disclose certain charitable bequests in the will, and certain substituted charitable bequests and other charitable bequests provided for in the codicil. It may, therefore, become important that the will be probated independently of its republication by the codicil.

Upon the first hearing the respondents contended that the will was entitled to probate upon the proof of due execution of the codicil and the republication of the will,

and therefore they made no great effort to locate one of the subscribing witnesses to the will. Appellants, therefore, urge that the affidavits fail to disclose an inadvertence and mistake sufficient to authorize relief under section 473 of the Code of Civil Procedure and that the court, for that reason, abused its discretion in vacating the order *nunc pro tunc* as of March 3, 1932. They argue that it was a question, at most, of newly discovered evidence which should have been produced upon a motion for new trial. It is our opinion that the court did not abuse its discretion under the facts of this case.

The order is affirmed.

Preston, J., Curtis, J., Langdon, J., Seawell, J., and Waste, C. J., concurred.