[Civ. No. 13401.   Second Dist., Div. One.   May 8, 1942.]

A. W. MILLER, Respondent, v. MAURICE LEE et al.,
Appellants.

William F. Barta and R. F. George for Appellants.

Wendell W. McCanles for Respondent.

WHITE, J.— Plaintiff commenced this action against defendants to recover damages for an alleged malicious prosecution of him by and through a criminal complaint allegedly filed against plaintiff at the instigation of defendants, in which complaint plaintiff was accused in count one thereof of violating section 504a of the Penal Code, while a second count charged the offense of grand theft. After alleging that the procurement and issuance of such criminal complaint by de-

fendants was actuated by malice on their part, it was set forth that plaintiff was arrested and imprisoned for a period of nine days; that following a preliminary examination the magistrate dismissed the grand theft charge contained in count two, but held plaintiff to answer to the superior court on the charge set forth in count one. Following the filing of an information against plaintiff in the superior court, and when the criminal cause was called for trial, the amended complaint herein alleged that by stipulation of the prosecution and defense the matter of plaintiff's guilt or innocence was submitted to the trial judge on the testimony adduced at the preliminary examination, as reflected by the transcript of such proceeding. Plaintiff's amended complaint herein then alleged that "after due and careful consideration and being fully advised in the premises on the 30th of April, 1940, the cause was dismissed by Judge Thomas L. Ambrose of the Superior Court as aforesaid, on account of the insufficiency of the evidence to show that the plaintiff A. W. Miller was guilty of the crime charged; that the proceedings in said criminal action *was* thereupon terminated in favor of the plaintiff.''

Following the joining of issue through the filing of an answer by defendants in the civil action with which we are here concerned, the cause came on for trial before the court, at which time a jury was impaneled to try the issues, but prior to the introduction of any evidence, defendants moved the court for judgment on the pleadings. As indicated by the clerk's transcript, such motion was predicated upon the ground and for the reason that "it affirmatively appears on the face of the complaint that there was probable cause for the prosecution of the action out of which this suit arose and that is, to-wit: That it appears from said amended complaint that the plaintiff was given a preliminary hearing before Judge Frank Carrell, Justice of the Peace, Inglewood Township, Los Angeles County, California, and upon the evidence was held to answer to the Superior Court thereon to the issue. . . .'' The motion for judgment on the pleadings was granted. At the time of the ruling thereon the trial court stated:

"In view of the motion which has been made for judgment on the pleadings, it is my opinion that under the holding in *South* v. *French,* 40 Cal. App. 28 [180 Pac. 357] and *Wilson* v. *Troy,* 19 Cal. App. (2d) 156 [64 P. (2d)

1141] and *Randleman* v. *Boeres,* 93 Cal. App. 745 [270 Pac. 374], that the motion must be sustained. My thought is this: That the complaint, as it stands, does not adequately allege by facts, the termination of the proceedings as required in the Troy case, and secondly, that as the complaint itself alleges there was a binding over by the Justice's Court to the Superior Court, that the allegation that the Superior Court, dismissed the action for want of evidence may be taken, if at all, in view of the Troy case, as a termination of the proceedings, but in view of 93 Cal. App., it may not be considered on the question of probable cause, and therefore, the complaint showing probable cause, as it now stands, the motion will have to be sustained. . . .''

Following the granting of the motion for judgment on the pleadings, plaintiff immediately moved for permission to file a second amended complaint, which motion was denied. Five days thereafter, on April 5, 1941, plaintiff filed his ''intention to move for a new trial'' and ''motion to vacate judgment,'' with affidavits of merit and a proposed second amended complaint. When these motions came on for hearing, the court, on July 17, made its order granting plaintiff's motion to vacate the judgment, with permission to file his second complaint. Thereafter defendants moved to vacate the order granting plaintiff's motion to vacate the judgment, which said motion on the part of defendants was denied. From both the order granting plaintiff's ''motion to vacate judgment'' and the order denying defendants' motion to vacate the last mentioned order, defendants prosecute this appeal.

In passing upon defendants' motion to set aside the order vacating the judgment on the pleadings, the court filed a memorandum ruling, which we herewith set forth because of its relevancy to subsequent discussion by us herein of the legality of the order made by the court vacating the order granting judgment on the pleadings and the jurisdiction of the court to make such order. Said memorandum is as follows:

''When the above entitled case was called for trial before a jury, the defendants, before the jury was sworn, made a motion for judgment on the pleadings. The case having been fully argued I announced that the motion for judgment on the pleadings would have to be sustained on the authority of *Wilson* v. *Troy,* 19 Cal. App. (2d) 156 [64 P. (2d) 1141]. Thereupon, before any formal entry was made in the minutes or otherwise, counsel for plaintiff requested permission to file

an amended complaint. I announced that the motion for judgment on the pleadings having been made I felt his motion to amend came too late and that I was not authorized under the cases to consider his motion. I stated that if he was entitled to the ruling he requested it was my opinion he would have to file a formal motion in the Law and Motion Department of the Court (Dept. 35.). I also stated that if I had the authority to permit plaintiff to amend, after the motion for judgment on the pleadings had been filed and I had announced my ruling thereon, I would grant the motion to amend on condition that the costs which had been incurred be paid by the plaintiff. Thereupon the minute order was made of the action of the Court and subsequently, in April, the judgment was signed.

"Incidentally, I should add that I gave a twenty day stay of execution at the time I ruled on the motion for judgment on the pleadings, so that counsel for plaintiff could check on the authorities and ascertain the proper procedure. The judgment presented to me was signed by me on April 4th. On April 5, 1941, a notice of an intention to move for new trial was filed and likewise on the same day a motion to vacate the judgment was filed. Thereafter, on June 21, 1941, the Supreme Court in *Jaffe* v. *Stone*, 18 A. C. 121 [18 Cal. (2d) 146 (114 P. (2d) 335)] stated that *Wilson* v. *Troy* was not and never had been the law in this State. Accordingly, after argument, I, on July 14, 1941, granted the motion to vacate the judgment and granted permission to plaintiff to file his second amended complaint.

"Under date of August 15th, the defendants filed herein a motion entitled as follows: 'Motion to Vacate and Set Aside Order Vacating Judgment.'

"This motion came on for hearing today and is this day denied."

It is first contended by appellants that the order granting plaintiff's motion to vacate the judgment is void. In this claim appellants cannot be sustained, because coming as it did after the granting of the motion for judgment on the pleadings, and accompanied as it was by supporting affidavits of merit, the application to vacate such judgment and for leave to file a second amended complaint must be treated as an application for relief under the provisions of section 473 of the Code of Civil Procedure. (*Irvine* v. *J. F. Shea Co., Inc.*, 41 Cal. App. (2d) 458, 460 [107 P. (2d) 80] ; *Janson* v. *Bry-*

*ant,* 52 Cal. App. 505, 506 [199 Pac. 542].) ▇ It is equally well established in this state that the provisions of section 473 may be invoked to obtain relief from a judgment entered by reason of a party's mistake of law, when a proper showing therefor is made. (*Waite* v. *Southern Pacific Co.,* 192 Cal. 467, 471 [221 Pac. 204].)

▇ In the exercise of discretion by the trial court in proceedings under the provisions of section 473 of the Code of Civil Procedure, two propositions of law seem to be definitely settled. First, that the power vested in trial courts by section 473 of the Code of Civil Procedure should be freely and liberally exercised to the end that cases shall be disposed of according to their substantial merits rather than upon mere technical matters of procedure, and secondly, that in matters of this sort the proper decision of the case rests almost entirely in the discretion of the court below, and appellate tribunals will rarely interfere, and never unless it clearly appears that there has been a plain abuse of discretion. Therefore, unless the record clearly shows that the trial court has abused its discretion in denying the motion for relief herein, its order will not be reversed on appeal.

▇ While it is true, as contended by appellants, that the mistake of an attorney justifying relief must be other than that arising from mere ignorance of the law, we are here confronted with a case wherein, by and through a decision of the Supreme Court of this state (*Jaffe* v. *Stone,* 18 Cal. (2d) 146 [114 P. (2d) 335]), rendered subsequent to the order herein granting judgment on the pleadings and prior to the determination of plaintiff's application for relief under section 473, it was established that plaintiff's amended complaint which was before the court on motion of defendants for judgment on the pleadings in fact stated a cause of action. In the last cited case our Supreme Court, speaking through Mr. Chief Justice Gibson, said: ". . . In other words, whether the proceeding is dropped by the magistrate or in the superior court, it is sufficient that *the particular proceeding* is terminated. It is immaterial whether the termination is a bar to any further prosecution for the same offense, or whether the accused may be charged and tried anew. . . ."

▇ From the averments contained in plaintiff's amended complaint which we have hereinbefore narrated, it is at once apparent that such pleading not only sufficiently alleged that

the *particular proceeding* was terminated, but also set forth facts indicative of a trial in the superior court, coupled with a final judgment of dismissal, all of which showed jeopardy and a consequent inhibition against further prosecution upon the charge contained in count one of the criminal complaint filed against plaintiff, while the dismissal by the magistrate of count two sufficiently met the requirements of *Jaffe* v. *Stone, supra,* concerning termination of that particular proceeding.

■ The ''surprise'' mentioned in section 473 of the Code of Civil Procedure, from the effect of which it is within the power of the courts upon satisfactory showing to relieve a party, is sometimes defined to be some condition or situation in which a party to a cause is unexpectedly placed to his injury, without any default or negligence of his own, which ordinary prudence could not have guarded against. Manifestly, respondent in the case at bar was placed in a situation to his injury, and the condition was not brought about by either negligence or ignorance of such party's counsel, because the decision in *Jaffe* v. *Stone, supra,* clearly established the sufficiency of the allegations contained in plaintiff's amended complaint to state a cause of action, and consequently, the motion for judgment on the pleadings should have been denied. ■ Nor was the plaintiff restricted to making a motion for new trial or to an appeal. The provisions governing motions for new trial and appeal cannot be regarded as exclusive methods under the facts here stated. They are cumulative remedies and do not displace the remedy afforded by section 473 of the Code of Civil Procedure, when application thereunder is duly made within the statutory time. It would indeed be a sad commentary upon the asserted zeal of the law to guarantee every litigant his day in court and to try causes not upon technical matters of procedure but upon their substantial merits, were we to hold that the trial court abused its discretion in granting the motion herein, appropriately made pursuant to section 473 of the Code of Civil Procedure, in the face of a situation such as is presented to us in the instant proceeding. The record before us showing as it does the right of respondent to proceed under the provisions of the last named code section, and such record clearly showing no abuse of discretion on the part of the trial court, under the law we have but one thing to do, and that is to affirm both the order granting plaintiff's motion to vacate

the judgment on the pleadings and the second order refusing to vacate the former.

The orders appealed from are, and each is, affirmed.

York, P. J., and Doran, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 6, 1942.