[Civ. No. 3868.   Fourth Dist.   Dec. 20, 1948.]

HAROLD B. PHILLIPS, Respondent, v. CHARLES J. CLEAVER, Appellant.

Alva D. McGuire for Appellant.

William W. Waters for Respondent.

MUSSELL, J.—Defendant appeals from an order denying his motion to set aside an order striking cost bill on appeal and to allow cost bill to be refiled.

Defendant filed and served his memorandum of costs on appeal 45 days after the time prescribed by section 1034 of the Code of Civil Procedure, and the sole question here involved is whether the court abused its discretion in denying his motion for relief under section 473 of the Code of Civil Procedure.

The judgment in this action for an accounting and damages was reversed in part on appeal and the cause remanded for a new trial on the issue of the amount of damages. Costs were allowed appellants. Thereafter, plaintiff's petition for rehearing in this court, and a hearing in the Supreme Court were both denied. Counsel for defendant received notice from the clerk of the Supreme Court of the denial of the hearing therein on January 30, 1948. The remittitur was filed with the clerk of the superior court February 13, 1948, and defendant's memorandum of costs was filed and served April 30, 1948. The trial court granted plaintiff's motion to strike the memorandum of costs and disbursements May 10, 1948. Defendant then filed a motion to set aside the order and asked to be permitted to refile his memorandum of costs on the grounds of inadvertence and excusable neglect. From the affidavits in support of the motion it appears that on January 10, 1948, counsel for defendant appeared in the county clerk's office and made inquiry as to whether the remittitur had been received; that he was informed by a deputy clerk that it was the custom of the office to notify counsel upon the receipt and filing of the remittitur and of the requirement to file the cost bill on appeal; that the county clerk notified counsel for another appellant in the same action of the filing of the remittitur but, through oversight, did not notify counsel for defendant herein due to the fact that there were two defendants. Counsel in his affidavit stated that the deputy clerk

advised him that when the remittitur was received and filed notice in writing would be sent by the county clerk in person; that counsel was busy in his office and had no time to reflect on the passing of time and relied upon the practice of the clerk to give notice and the statement of the deputy clerk that notice would be given.

The granting of relief under section 473 of the Code of Civil Procedure rests almost entirely within the discretion of the trial court and appellate courts will rarely interfere, and never unless it clearly appears that there has been a plain abuse of discretion. (*Miller* v. *Lee,* 52 Cal.App.2d 10, 15 [125 P.2d 627] ; *Armstrong* v. *Armstrong,* 81 Cal.App.2d 316, 320 [183 P.2d 901].)

It is not asserted by counsel that he was unaware of the rules on appeal requiring the issuance of a remittitur and the clerk's duty to transmit it to the lower court immediately after judgment becomes final. (Rules on Appeal, rule 25.) The notice from the Supreme Court advised counsel of the finality of the judgment and was notice to him that the remittitur would be sent to the lower court within a few days. It does not appear that any inquiry was made by counsel at the clerk's office after January 10, until April 30, 1948, and no notation of the time limit appears to have been made in his office records. Defendant relies on an apparent practice of the clerk's office and press of business to excuse his neglect. The press of business is not sufficient reason for relieving a party of his default (*Dow* v. *Ross,* 90 Cal. 562 [27 P. 409]), and the right to rely so completely upon a notice not required by law presents at most a question of fact for the trial court. Under the circumstances here shown we cannot say that there was a plain abuse of discretion in the order made.

Order affirmed.

Barnard, P. J., and Griffin, J., concurred.