[Civ. No. 4281.   Fourth Dist.   June 20, 1952.]

Estate of EMILY STROBECK, Deceased. MRS. ELMER LEWIS et al., Petitioners and Appellants, v. BETHESDA LUTHERAN CHURCH et al., Contestants and Appellants.

Blewett, Blewett & Macey for Petitioners and Appellants.

Eugene A. Horton for Contestants and Appellants.

MUSSELL, J.—These are appeals by the heirs at law of Emily Strobeck, deceased, and certain devisees named in her will and are from an order of the Superior Court of San Diego County dated April 26, 1951, (1) vacating and revoking former order entered October 27, 1950; (2) admitting to probate two wills of Emily Strobeck, in the above entitled estate.

Emily Strobeck died on October 7, 1950, and on October 16th a petition was filed for probate of her last will and testament by the executor named therein. This petition was not verified, no copy of a will was attached thereto, and the wills here involved were not filed with the clerk until the following day. A hearing was had on the petition, after notice, on October 27, 1950, at which time a will dated October 5, 1950, purporting to be signed by Emily Strobeck, was presented to the court for probate. Mrs. Swain, one of the subscribing witnesses to the purported will, testified that Mrs. Strobeck, at the time of the signing of the document, was

"in a coma"; that the witness guided her (decedent's) hand when she signed the purported will; that she (decedent) was not moving her hand; and was not competent at that time to make a will; that she did not understand all that was then and there said; that she did not declare the document to be her will; that she did not know that she was signing a will or that there were other persons present in the room.

Following this testimony the attorney for the petitioner informed the court that there was another will, which he produced, dated June 30, 1945. The court then ordered proof of this will and a subscribing witness thereto testified to the due execution thereof. Testimony was also introduced showing that certain portions of this will had been scratched out by someone after its execution on June 30th. In this connection, the attorney for the petitioner testified that he was present at the time of the execution of the 1945 will and read it to Mrs. Strobeck; that there were no interlineations or writing in the will at the time of its execution other than the typewritten matter; that he was present at the time of the signing of the 1950 will, which was signed at about 8:45 p. m. on October 5th; that in the morning of that day Mrs. Strobeck's mind was pretty clear but "in the evening she had failed a great deal. She wasn't nearly so clear in the facts in the evening. I don't know that she really did understand." There was also testimony tending to show that the 1945 will was in the possession of Mrs. Strobeck until October 5, 1950, when it was handed to the attorney for the petitioner.

After hearing this testimony, the trial court (Hon. Arthur L. Mundo) stated "I am going to admit to probate this second will. Reject the first will." However, in the order admitting the will to probate and appointing an executor, which order apparently was prepared by the attorney for petitioner and filed with the clerk, the trial court found that Emily Strobeck was of sound, disposing memory and fully competent to make a will on October 5, 1950, and that her last will and testament, dated on said date, is her last will and testament; that the said will revokes any former will made by her and that the will dated June 30, 1945, is not the last will and testament of the decedent. The court then ordered that the will dated October 5, 1950, be admitted to probate as the last will of said decedent and denied admission to probate of the will dated June 30, 1945.

Letters testamentary were issued and on January 29, 1951, the heirs at law filed a contest of will after probate and on

March 8, 1951, filed a petition for partial distribution, alleging, among other things, that since the testatrix had died two days after the execution of the 1950 will, the bequests to the charitable institutions named in the will failed by reason of the provisions of section 41 of the Probate Code and the property devised and bequeathed to them should be distributed to the heirs at law of the decedent.

The appellants, Bethesda Lutheran Church, Bethphage Mission of Axtell and Women's Foreign Mission of Augustana Synod, hereinafter referred to as "charitable legatees," then filed objections to the petition for partial distribution and a notice of motion to vacate the order admitting the will to probate. This motion was made pursuant to section 473 of the Code of Civil Procedure upon the ground that the order was taken through the mistake, inadvertence, surprise or excusable neglect of the charitable legatees and was based upon the pleadings, papers and records on file, statements and affidavits and other evidence.

It was stated in the affidavits in support of the motion, in substance, that the charitable legatees had no notice or knowledge that two wills were being offered to the court for admission to probate; that they received no notice of the court's order admitting the October 5th will to probate and denying probate to the will of June 30, 1945; that the said order was entered and made through the mistake, inadvertence, surprise or excusable neglect of the charitable legatees; that had said legatees known that two wills were before the court for consideration and adjudication, they would have appeared to protect their rights and interests in said proceedings.

In an affidavit, J. H. McKinney, attorney for petitioner, stated that the charitable legatees had no notice or knowledge that two wills of said decedent were being offered to the court for its consideration and adjudication on October 27, 1950, and that said legatees had no notice or knowledge that their rights in the estate of said decedent would be materially affected by the adjudication concerning the respective wills; that to the best of his recollection no notice of the order of the court or the adjudication therein made as between the two wills of said decedent had been given to the respective charitable legatees.

The heirs at law of the decedent opposed the motion to vacate and revoke the trial court's order. On April 23, 1951, the charitable legatees filed a contest to the October 5th will and on April 23d, the trial court heard the motion

to vacate the order made on October 27, 1950, and also a motion made by the charitable legatees to admit both wills of the decedent to probate. At this hearing Attorney J. H. McKinney testified at length regarding the circumstances surrounding the execution of both wills, which he had prepared, and stated, among other things, that at the time of the signing of the 1950 will he did not remember whether the will was read to Mrs. Strobeck or not; that he didn't think she would have appreciated what was in it very much if she had looked at it "because she was very sick that night." The trial judge stated that he desired testimony as to the execution of the 1945 will, following which one of the subscribing witnesses to said will testified to its due execution and that the testatrix was of sound mind and mentally capable of making her will at that time.

Mrs. Swain again testified as to the circumstances surrounding the signing of the 1950 will by the testatrix and that the testatrix was "in a coma" and that "her eyes were shut when the will was signed."

The other subscribing witness to the 1950 will, Mrs. Swenson, testified as to Mrs. Strobeck's condition at the time the 1950 will was signed and stated that Mrs. Strobeck was then in a "deep coma"; that she did not talk at all and did not appear to recognize the witness in any way.

The trial judge (Hon. John A. Hewicker) then filed his findings of fact, in which he found that the order of the court, made by the Hon. Arthur A. Mundo and entered on October 27, 1950, admitting to probate the will of Emily Strobeck, dated October 5, 1950, and denying probate of the will of Emily Strobeck, dated June 30, 1945, was taken against the Bethesda Lutheran Church, Bethphage Mission of Axtell and Women's Foreign Mission of Augustana Synod by reason of their mistake, inadvertence, surprise or excusable neglect; that the order of the court signed October 27, 1950, admitting to probate the will of Emily Strobeck, dated October 5, 1950, and denying probate to the will of Emily Strobeck, dated June 30, 1945, was erroneously drafted by the attorney for the executor and does not state the order as actually intended and given by the judge in open court on October 27, 1950; that the order intended and given by the judge in open court on October 27, 1950, was to admit to probate the June 30, 1945 will of Emily Strobeck and to deny probate to the October 5, 1950 will; that the will of Emily Strobeck purportedly executed on October 5, 1950,

was not in fact executed by Emily Strobeck by reason of the fact that she was in a coma and unconscious at the time of its purported execution; that the will of Emily Strobeck bearing date June 30, 1945, was duly signed, executed and witnessed by the said Emily Strobeck and is her last will and testament. The court then entered an order vacating and revoking the former order entered October 27, 1950, by Judge Mundo, and admitted to probate both the 1945 and 1950 wills of Emily Strobeck.

The charitable legatees appeal from that portion of the order which admits to probate the purported 1950 will and no appeal is made by them from the remaining provisions of the order. The heirs at law appeal from the entire order.

The first question presented is whether the trial court had authority or abused its discretion in vacating and revoking the order made by Judge Mundo on October 27, 1950. Section 473 of the Code of Civil Procedure provides, among other things: (1) That the court may upon such terms as may be just, relieve a party or his legal representative from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect; and (2) That the court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgments or orders as entered, so as to conform to the judgment or order directed. ■ A party may be relieved from an order or other proceeding in probate by reason of mistake, inadvertence or excusable neglect. (*Estate of Layton,* 217 Cal. 451, 461 [19 P.2d 793, 91 A.L.R. 480]; *Estate of Grigsby,* 219 Cal. 236, 238 [26 P.2d 17].) ■ It is also settled law that section 473 is addressed to the sound discretion of the trial court "and in the absence of a clear showing of abuse in the exercise thereof an appellate court will not disturb the order of the court below." (*Estate of Moreland,* 49 Cal.App.2d 484, 487 [121 P.2d 867]; *Phillips* v. *Cleaver,* 89 Cal.App.2d 253, 255 [200 P.2d 545].) ■ As was said in *Waybright* v. *Anderson,* 200 Cal. 374, 377 [253 P. 148]:

"Section 473 of the Code of Civil Procedure is a remedial provision and is to be liberally construed so as to dispose of cases upon their substantial merits, and to give to the party claiming in good faith to have a subsisting cause of action or a substantial defense thereto an opportunity to present it."

■■ And as was said in *Burbank* v. *Continental Life Ins. Co.,* 2 Cal.App.2d 664, 667 [38 P.2d 451]:

"Furthermore, it has been the fixed policy of the law always to allow a controversy to be tried and determined

on its merits (*Kalson* v. *Percival,* [217 Cal. 568 (20 P.2d 330)] *supra*) ; and to that end the appellate tribunals are disposed to affirm an order to that effect (*Waybright* v. *Anderson,* 200 Cal. 374 [253 P. 148]), and in determining an appeal from such an order will resolve any doubts in favor of the applicant for such relief (*Waite* v. *Southern Pacific Co.,* 192 Cal. 467 [221 P. 204] ; *Gorman* v. *California Transit Co.,* 199 Cal. 246 [248 P. 923] ; *Brill* v. *Fox,* 211 Cal. 739 [297 P. 25]). Moreover, it is well settled that independent of statutory provisions a trial court has the inherent power on its own motion to correct mistakes in its proceedings and within a reasonable time to annul its orders and judgments inadvertently made (*Robson* v. *Superior Court,* 171 Cal. 588 [154 P. 8] ; *Harris* v. *Minnesota Investment Co.,* 89 Cal.App. 396 [265 P. 306] ; *Consolidated Construction Co.* v. *Pacific Electric Ry. Co.,* 184 Cal. 244 [193 P. 238]). As said in Freeman on Judgments (vol. 1, p. 432), such inadvertent or improvident acts are a species of irregularity and are exceptions to the general rule as to erroneous judgments.''

█ Applying the foregoing legal rules to the situation presented by the record before us, we cannot hold as a matter of law that the trial court was not authorized to vacate and revoke, or abused its discretion in vacating and revoking, the order made on October 27, 1950. The charitable legatees had no notice or knowledge that two wills were being offered for probate at the hearing on said date and, in fact, on the date of the filing of the notice of the hearing of the petition for probate, neither of the documents subsequently offered for probate had been filed with the clerk. The record supports a reasonable inference that Judge Mundo did not intend to find and could not legally find that the 1950 will was admissible to probate under the facts presented. The uncontradicted testimony, both at the hearing on October 27, 1950, and at the hearing on the motion made under section 473, is that Mrs. Strobeck, on the evening of October 5, 1950, was incapable of making a will and that a valid will was not executed by her on that date.

█ As an additional reason for granting relief under section 473 it should be noted that the requirements for the execution and attestation of a will are set forth in section 50 of the Probate Code and there is no right to make testamentary disposition except upon compliance with those provisions. (*In re Walker,* 110 Cal. 387, 390 [42 P. 815, 52 Am.St.Rep. 104, 30 L.R.A. 460].) In the instant case the

record shows without question that the trial court (Judge Mundo) admitted the 1950 will to probate without proof of execution and attestation as provided by the statute. Under such conditions, the order admitting the document was in excess of the court's jurisdiction and void (*Texas Co.* v. *Bank of America*, 5 Cal.2d 35, 39 [53 P.2d 127]; *Abelleira* v. *District Court of Appeal*, 17 Cal.2d 280, 288 [109 P.2d 942, 132 A.L.R. 715].) even though the trial court had jurisdiction of the subject matter of the estate.

As heretofore stated, the order from which this appeal is taken is in two parts. In the second part the trial court admitted to probate both of the wills here involved. We conclude that this part of the order was prejudicially erroneous and should be set aside. At the hearing on the motion under section 473, on April 23, 1951, the court reviewed the testimony taken at the hearing on October 27, 1950, and heard further testimony relative to the circumstances under which the purported will of October 5, 1950, was signed. After having specifically found as a fact "That the will of Emily Strobeck purportedly executed on October 5, 1950, was not in fact executed by Emily Strobeck by reason of the fact that she was in a coma and unconscious at the time of its purported execution," the court entered an order admitting to probate the purported will. Clearly, this was error and the order in that respect finds no support in the record.

The record indicates that portions of the 1945 will were stricken out by someone after its execution and the question of whether these changes were made by the testatrix was not determined nor was a determination made as to whether portions of said will were revoked by her. The question as to what documents or portions of a document constitute such a will should be determined in the first instance on application for probate. (*Estate of Salmonski*, 38 Cal.2d 199, 208 [238 P.2d 966].)

The part of the order of the trial court made on April 26, 1951, vacating and revoking the former order entered October 27, 1950, is affirmed and the second part of the April 26th order admitting to probate two wills of Emily Strobeck is reversed without prejudice to further proceedings on a petition to probate the will dated June 30, 1945. Appellants each to pay his own costs.

Barnard, P. J., and Griffin, J., concurred.