[Civ. No. 20091. Second Dist., Div. One. Oct. 5, 1954.]

Estate of CHERYL NELSON et al., Minors. ZENITH NELSON, as Guardian, etc., Appellant, v. NANCY JEAN NELSON, Respondent.

Minter & Feder and Gilford & Mendelson for Appellant.

Arthur E. Boyd, Jr., for Respondent.

DRAPEAU, J.—In 1947 Dr. Duane L. Nelson and his then wife Zenith Nelson entered into a property settlement. They agreed that the husband would pay $200 a month for the support of two minor children of the marriage. In the same year the wife was granted an interlocutory decree of divorce. The decree incorporated the provision for the support of the children.

In 1948 the superior court modified the decree, fixing support for the children at $75 per month for one and $100 per month for the other.

Thereafter Dr. Nelson married Nancy Jean Nelson.

Dr. Nelson died March 9, 1951. He made no mention of the children in his will. But he did provide for them by life insurance of over $10,000, from which they have received $2,000 in cash and are receiving $75 per month each.

After Nancy Jean Nelson was appointed executrix of the will, the first wife, as guardian of the children, presented their claims against the estate for $12,750 for one and for $18,650 for the other. These claims were rejected, and action to enforce them was commenced in the superior court by the guardian.

The first wife as guardian and the executrix widow entered into a writing which recited: (a) That the inventory value of the total assets in the estate was $53,000. (b) That all of the assets of the estate were community property of Dr. Nelson and his second wife; and (c) that, based upon a tentative final account $8,522.81 would be left for payment of the minors' claims. This agreement was the result of a year's negotiations among the parties and their lawyers.

Upon these premises the agreement provided that the action to enforce the claims would be compromised and settled by the payment by the executrix of $2,965.06 to one minor, and $1,976.64 to the other, a total of $4,941.70. In addition to that sum the minors had been paid $1,900 family allowance from the estate. In effect the agreement gave to the children approximately one-half of the net distributable assets of the estate, and the other one-half to the widow.

The first wife petitioned the probate court for an order compromising the claims, in accordance with the agreement. The petition was granted, and the order made.

Then the first wife secured additional legal advice, and moved the court to set aside the order, on the ground of inadvertence· and mistake. (Code Civ. Proc., § 473.)

The motion was heard upon affidavits and testimony presented to the court, and was denied.

This appeal is from the order approving the compromise and from the order denying the motion to set it aside.

The main ground of appeal is that the guardian and her counsel were of the erroneous opinion that all claims against the estate, including the minors', could be paid out of one-half only of the assets of the estate, and that the other half, as a matter of law, was not subject to any claims, and would all go to the second wife as her community property. The contention is stated in other words in appellant's brief, as follows:

"At the time of the execution of this agreement, Zenith Nelson was informed by her attorney and did believe that the debts of the decedent could only be urged against the share of the estate belonging to the decedent, Duane L. Nelson, but if she refused to accept the compromise settlement, Nancy Jean Nelson would take out her full half of the community property before payment of these claims and other obligations of the estate in accordance with law, so that there would actually be nothing for the children; that the children, under no circumstances, could get any more, if as much, as they were offered under the compromise even after long and expensive litigation.

"It was only upon this mistaken advice given her by her counsel that Zenith Nelson entered into the settlement agreement."

From an examination of the record it appears that the trial judge was not under this misapprehension of law. He considered the admitted fact that $8,522.81 would be all

that the minors could receive in any event. He also considered the expenses incident to, and the time involved in the lawsuit. He pointed out to all concerned that these expenses would have to come out of the estate, and would decrease the amount available to pay the children. He also stated that there was a question at least as to the probability of the minors' recovery in the lawsuit, when the life insurance was taken into consideration. (See *Taylor* v. *George,* 34 Cal.2d 552 [212 P.2d 505].) And he determined that in all the circumstances of the case, the compromise was for the best interests of the children.

It is settled law that while section 473 of the Code of Civil Procedure should be liberally construed to meet the ends of justice (*Cason* v. *Glass Bottle Blowers,* 113 Cal. App.2d 263 [247 P.2d 931]), a decision of a trial court on a motion under that section will not be disturbed on appeal unless there is a plain abuse of judicial discretion. (*Beard* v. *Beard,* 16 Cal.2d 645 [107 P.2d 385]; *Lane* v. *Pacific Greyhound Lines,* 30 Cal.2d 914 [187 P.2d 9]; *Vartanian* v. *Croll,* 117 Cal.App.2d 639 [256 P.2d 1022]; *Miller* v. *Lee,* 52 Cal. App.2d 10 [125 P.2d 627].)

No such abuse appears here. The same rule applies to the appeal from the order approving the compromise.

The order approving the compromise is affirmed; the order denying the motion under section 473 of the Code of Civil Procedure is affirmed.

White, P. J., and Doran, J., concurred.